In the
**UNITED STATES DISTRICT COURT**
for the **SOUTHERN DISTRICT OF INDIANA**,
INDIANAPOLIS DIVISION

| | |
|---|---|
| **BROWNSTONE PUBLISHING, LLC**, d/b/a Angie's List, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CAUSE NO. 1:07-cv-1630-SEB-JMS ) |
| **AT&T, INC.; AMERITECH PUBLISHING, INC.,** d/b/a AT&T Advertising & Publishing; **and AT&T YELLOW PAGES HOLDINGS, LLC**, | ) ) ) ) ) ) |
| Defendants. | ) |

## <u>E N T R Y</u>

**Ameritech Publishing, Inc.'s Motion to Dismiss (doc. 24)**

Plaintiff Brownstone Publishing, LLC, d/b/a Angie's List produces online and print business directories in which subscribers can find information about listed businesses, including other subscribers' comments about the businesses and Angie's List's own ratings and awards for them. Angie's List claims that the Defendants have published and distributed Yellow Pages directories that included some business advertisements containing Angie's List's trademarks. There is no allegation that the advertisements, including the trademarks, were created by anyone other than the business advertisers themselves or that Defendants used Angie's List's trademarks in any content of the Yellow Pages directories that they themselves created. Further, other than the fact that Angie's List's trademarks appeared in some of the advertisements, there is no allegation that Defendants used Angie's List's trademarks to promote or sell their Yellow Pages directories to their business-advertiser customers or to the general public. Angie's List

alleges that it repeatedly notified Defendants that advertisers in the Yellow Pages were not licensed or permitted to use its trademarks and identified specific offending advertisements. Angie's List alleges that, despite Defendants' assurances of cooperation, its trademarks continued to appear in Yellow Pages advertisements. It has now sued Defendants for federal and Indiana state trademark infringement and unfair competition, and violation of the Indiana Crime Victims Act. It has not named any specific Yellow Pages advertiser who allegedly used its trademarks. Angie's List seeks injunctive relief, an accounting and payment of profits, consequential damages, treble damages, costs, expenses, and attorneys fees.

Count 1 of Angie's List's first amended complaint is titled "Trademark Infringement and False Designation Under the Lanham Act." It alleges both direct and contributory trademark infringement, Complaint ¶¶ 23 and 37,[1] which "constitute trademark infringement and a violation of Plaintiff's rights under Federal and Indiana statutes and common law," *id.* ¶ 42, and "violation of 15 U.S.C. §§ 1114, 1117, and 1125, *id.* ¶ 43. No Indiana trademark statute is invoked as the basis for this Count. Count 2 is titled "Common Law Unfair Competition" but also does not identify a federal or state source of the claim. Because there is no federal common law of trademark infringement, false designation of origin, or unfair competition that is separate from the Lanham Act, *see Serbin v. Ziebart International Corp., Inc.*, 11 F.3d 1163, 1167-68 (3rd Cir. 1993) *Toho Co., Ltd. vs. Sears, Roebuck & Co.*, 645 F.2d 788, 791 (9th Cir. 1981); *Good 'N Natural v. Nature's Bounty*, Civ. A. No. 87-662, *Opinion*, 1990 WL 127126, *14 (D.

---

[1] "In addition to direct infringement, Ameritech contributes to and induces infringement of Plaintiff's Marks by running ads from businesses that include Plaintiff's Marks. Complaint ¶ 23. "Ameritech has on its own and otherwise assisted others to use Plaintiff's Marks without authority." *Id.* ¶ 37.

N.J., Aug. 30, 1990); *Monoflo International, Inc. v. Sahm*, 726 F.Supp. 121, 127 (E.D. Va. 1989), the Court construes Count 1 to assert trademark infringement claims under the federal Lanham Act and Indiana statutory and common law, and a false designation claim under the Lanham Act, and construes Count 2 to assert a claim for unfair competition under Indiana state law.  Count 3 asserts a claim under Indiana's Crime Victims Act.[2]  Jurisdiction is asserted over the federal statutory claim under 28 U.S.C. §§ 1338 (federal trademarks) and 1331 (federal question) and over the Indiana state claims pursuant to the Court's supplemental jurisdiction, 28 U.S.C. § 1367.

Defendants[3] now move to dismiss the Complaint.  They argue that (1) Count 1's claims of direct and contributory trademark infringement and/or false designation under the Lanham Act fail to state claims, Fed. R. Civ. P. 12(b)(6); (2) Angie's List lacks standing to assert Count 1's claims for contributory trademark infringement or false designation under the Lanham Act, Fed. R. Civ. P. 12(b)(1); (3) Count 1's claim for contributory trademark infringement under the Lanham Act must be dismissed for failure to join necessary parties, Fed. R. Civ. P. 12(b)(7); and (4) with the federal claims dismissed, Angie's List's supplemental state-law claims should be dismissed as well.

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the well-pled allegations of the complaint are taken as true and all reasonable inferences therefrom are made in favor of the

---

[2] Count 4 does not assert a claim but states that injunctive relief is sought.

[3] Although the motion to dismiss is filed by only Ameritech Publishing, Inc., its argument applies to all defendants and we treat it as such.

plaintiff. While it is well-established that the federal rules require only notice pleading — enough to put a defendant on notice of the claim against him — the Supreme Court recently clarified the pleading standard in the context of a Rule 12(b)(6) motion:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). The allegations of a complaint must contain enough factual matter to plausibly suggest that each element of the claimed cause of action actually exists, not that the element's existence is possible, conceivable, or that facts exist that are merely consistent with the element's existence. *Id.*, 127 S.Ct. at 1964-69.

Defendants first argue that the Complaint fails to state a claim for direct trademark infringement under the Lanham Act because Angie's List does not allege (1) that Defendants used Angie's List trademarks to identify themselves as the source of the Yellow Pages directories — *i.e.*, that they used Angie's List's trademarks as trademarks — or (2) that the appearance of the trademarks in third-party advertisements in the Yellow Pages did, or is likely to, cause confusion or mistake by the public as to the source of the Yellow Pages directories. Defendants cite *Packman v. Chicago Tribune Company*, 267 F.3d 628, 640, 643 (7th Cir. 2001), and *Platinum Home Mortgage Corp. v. Platinum Financial Group, Inc.*, 149 F.3d 722, 728 (7th Cir. 1998), for the principle that the confusion, mistake, or deception as to the affiliation, connection, or association of an alleged infringer with the trademark holder, or as to the origin,

4

sponsorship, or approval of an alleged infringer's goods or services, 15 U.S.C. §§ 1114(1)(a), 1125(a)(1)(A), that is required by the Lanham Act for a direct trademark-infringement or false-designation claim means confusion, mistake, or deception about the *source* or provider of the goods or services in question. The Complaint contains no allegation that Defendants have used Angie's List's trademarks as indications that they are the source of the Angie's List directories or that Angie's List is the source of the Yellow Pages directories, or that the appearance of Angie's List's trademarks in Yellow Pages advertisements has led, or is likely to lead, to consumer, advertiser, or public confusion about the sources or producers of the Yellow Pages or Angie's List directories.

Defendants next argue that Angie's List's claim for federal contributory trademark infringement fails to state a claim for several reasons. First, the Complaint fails to allege the prerequisite direct infringements by any YellowPages advertiser. Second, Angie's List cannot allege direct infringement by any such advertiser because the goods or services they advertised are not directly competitive with Angie's List's goods or services; therefore, there cannot be any likelihood of confusion as to source or sponsorship and Defendants could not have acted with the requisite intent or knowledge of advertiser infringement. Third, the Complaint's allegation that "Ameritech is neither an 'innocent infringer' nor an 'innocent violator' because Ameritech had actual knowledge that Ameritech's use of Plaintiff's Marks was expressly prohibited" is insufficient because a plaintiff's mere accusation of infringement fails to impute the requisite knowledge of infringement, and the Complaint does not allege that Angie's List ever supplied Defendants with evidence or confirmation that advertisers were legally prohibited from truthfully advertising that they were rated or certified for inclusion in Angie's List's directories.

Defendants also move to dismiss Angie's List's claim of federal contributory trademark infringement under Fed. R. Civ. P. 12(b)(1) for lack of standing. In relation to its claim of contributory infringement, the Complaint alleges that Defendants' publishing of infringing advertisements by third parties enables those infringers to gain an unfair advantage over non-infringing advertisers and "[s]ignificant business is thereby diverted from properly licensed companies to unlicensed companies by unauthorized advertising in Ameritech's directories." Complaint ¶ 23. Defendants contend that, because these are allegations of injury only to third-party advertisers, Angie's List does not have standing to assert a claim on their behalf.[4]

Finally, Defendants argue that the claim of contributory trademark infringement should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join parties who are necessary to a just adjudication of the claim under Fed. R. Civ. P. 19, namely, the alleged third-party directly-infringing advertisers. Defendants contend that the absent advertisers are necessary because Angie's List must first prove a direct infringement by them before proving a contributory infringement by Defendants, complete relief cannot be provided to either Defendants or Angie's

---

[4] The Complaint also alleges that Angie's-List-rated companies that purchase advertisements in its directories in part to inform subscribers that the companies have received Angie's List ratings are less likely to purchase such advertisements if competitor directories use Angie's List trademarks, Complaint ¶ 15, and that "Ameritech's inclusion of Plaintiff's Marks in its Yellow Pages discourages consumers from purchasing memberships in ANGIE'S LIST, which damages plaintiff," *id.* ¶ 22. These paragraphs are not explicitly tied to direct or contributory infringement claims. However, the later paragraph 23, which is specifically highlighted by Defendants' motion to dismiss, suggests that the previous paragraphs' allegations relate to Angie's List's direct-infringement allegations. Paragraph 23 begins, "In addition to direct infringement, Ameritech contributes to and induces infringement of Plaintiff's Marks by running ads from businesses that include Plaintiff's Marks," and concludes with the text-cited allegations regarding unfair advantages thereby gained by infringing advertisers *vis-a-vis* non-infringing advertisers and the significant diversion of business to the infringing advertisers.

List unless the absent advertisers are joined, the absent advertisers have interests in this action whose protection might be impaired without joinder, and, without joinder, the absent advertisers will be subjected to a substantial risk of multiple and/or inconsistent obligations.

In response to Defendants' direct-infringement argument, Angie's List (1) points out that the *Packman* decision, which they cited, was a summary judgment, not a dismissal, case; (2) quotes four parts of 15 U.S.C. § 1125(a), which it describes as the elements of a Lanham Act claim, and matches these parts with quotations of allegations from its Complaint in order to show that it alleged the necessary elements; (3) argues that it is not required to fit its Lanham Act claims into the Defendants' direct-infringement "cubby-hole"; and, finally, (4) states that "numerous courts have ruled" that, under the Lanham Act, a directory publisher "uses" a trademark that appears in a third-party advertisement that appears in its directory and that Defendants, and their sister companies, have lost on this very issue before, citing two decisions as examples.

These are half-hearted at best, and disingenuous at worst, responses to Defendants' motion. In any case, they are ineffective. Defendants cited the Seventh Circuit's *Packman* decision for the two elements of a trademark-infringement claim — a protectable trademark and use that is likely to cause confusion among consumers — and, as noted above, for the principle that the likely confusion, mistake, or deception required to prove a direct-infringement claim must concern the affiliation, connection, or association of the alleged infringer with the trademark holder or the origin, sponsorship, or approval by the trademark holder of the alleged infringer's goods or services. (Memorandum in Support of Motion to Dismiss (doc. 25), pp. 7

and 8). What effect the fact that *Packman* was a summary-judgment, as opposed to a dismissal, decision has on its explication of these basic principles is undeveloped and indiscernible.

After *Twombly*, it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964-65. Angie's List's mere repetition of parts of the statute and parts of its Complaint fails to address, let alone refute, Defendants' substantive legal and factual argument that the likelihood-of-confusion element of Angie's List's direct-infringement claim means confusion as to the source or origin of Defendants' directories and that the Complaint does not, and cannot, contain such an allegation. Defendants' citations in support of their legal argument are sound and their factual argument is reasonable and plausible. On this showing, the Court concludes that the Complaint does not contain the requisite allegation that consumers are likely to be confused as to the source or origin of Defendants' Yellow Pages directories by the appearance of Angie's List's trademarks in certain third-party advertisements therein.[5]

Far from being useless, semantic "cubby-holes" invented by Defendants, the distinction between direct and contributory trademark-infringement claims is one that is well-recognized in the law, characterized in part by different operative elements. *See*, *e.g.*, *Optimum Technologies, Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1244-46 (11th Cir. 2007); *Louis Vitton, S. A. v. Lee*, 875 F.2d 584, 590 (7th Cir. 1989). Angie's List's argument that the Complaint is

---

[5] We also note that Angie's List's diagraming of direct-infringement-claim "elements" by drawing from only 15 U.S.C. § 1125(a)(1)(A) indicates that it might not be making a direct-infringement claim under 15 U.S.C. § 1114.

sufficient because

> Count I is for "Trademark Infringement and False Designation Under the Lanham Act." This is much broader that [*sic*] what Ameritech characterizes as "direct trademark infringement,"

(Response, p. 3), and

> [m]oreover, even though Angie's List's Lanham Act Claim is not *required* to fall into the "direct trademark infringement" cubby-hole that Ameritech cites, the Complaint *does* allege "direct infringement," [because ¶ 23 begins "[*i*]*n addition to direct infringement*, Ameritech contributes to and induces infringement . . . .") (*id.*, p. 4 n. 1 (emphasis added)]

(*id*, p. 4), would leave Defendants guessing as to whether, in fact, a direct-infringement claim is asserted and what the factual and legal bases of that claim actually are. Under the Lanham Act and *Twombly*, Angie's List's direct-infringement claim *was*, in fact, "*required* to fall into the 'direct trademark infringement' cubby-hole that Ameritech cites" and the Complaint's mere use of the term "direct infringement" in passing is insufficient to satisfy notice pleading or survive a motion to dismiss.

Finally, the two cases cited by Angie's List as specifically (but inexplicably) supporting the viability of its direct-infringement claims — *Century 21 Real Estate Corp. of Northern Illinois v. R. M. Post, Inc.*, No. 88-C-0077, Memorandum Opinion and Order, 1988 WL 84741, 1988 U.S. District LEXIS 8739 (N.D. Ill., Aug. 9, 1988), and *Dial One of the Mid-South, Inc. v. BellSouth Telecommunications, Inc.*, 269 F.3d 523 (5th Cir. 2001) — are both contributory, not direct, infringement cases and, thus, are inapposite.

Angie's List's meager response to Defendants' well-supported motion to dismiss its direct-infringement claim has failed to defend the challenged factual and legal deficiencies in its

Complaint.  Because the Complaint fails to allege that Defendants used Angie's List's trademarks as trademarks or that the appearance of its trademarks in some third-party advertisements in the Yellow Pages directories is likely to cause confusion as to the source or origin of the Yellow Pages directories, Angie's List's direct-infringement claim against Defendants is dismissed for failure to state a claim.

Angie's List's response to Defendants' motion to dismiss its contributory-infringement claim is even more insubstantial.  It reads in full:

> In a bizarre waste of paper, Ameritech's Motion states at p. 12, "Brownstone's [Angie's List's] Amended Complaint does not enumerate a separate claim or count for 'contributory trademark' infringement."  Ameritech then devotes the final 16 pages of its brief explaining why the claim it says does not exist should be dismissed.
>
> It is unnecessary for Angie's List to respond to Ameritech's circular argument, other than to remind the Court that Angie's List asserted all the required elements of a Lanham Act Claim.  Of course, there are many cubby-holes for Lanham Act claims (such as trademark infringement, trade dress infringement, domain name piracy, etc.) and Angie does not dispute one of those cubby-holes might be called "contributory infringement."  Many Lanham Act claims fall into several of these cubby-holes.  Whether Angie's List's Lanham Act claim falls into one named "contributory infringement" is unimportant, given Ameritech's concession that the "Complaint does not enumerate a separate claim or count for 'contributory trademark' infringement."

(Response, p. 7).

In their motion, Defendants explain that, while Angie's List did not explicitly enumerate a separate count or claim titled "contributory infringement," such a claim is described in the Complaint, and it is:

> In addition to direct infringement, Ameritech contributes to and induces infringement of Plaintiff's Marks . . . .

10

Complaint ¶ 23.

> Ameritech had actual knowledge of the express prohibition and continued to use Plaintiff's Marks. Ameritech's failure [to cease such use] demonstrates that it is not an "innocent infringer" or "innocent violator" under 15 U.S.C. § 1114(2).

*Id.* ¶ 25.[6]

> Ameritech has on its own and otherwise assisted others to use Plaintiff's Marks without authority.

*Id.* ¶ 37.

> Ameritech's use of Plaintiff Marks is likely to cause confusion, or to cause mistake, or to deceive with knowledge that such use is intended to be used to cause confusion, or to cause mistake, or to deceive.

*Id.* ¶ 39.[7]

> Ameritech is neither an "innocent infringer" nor an "innocent violator" because Ameritech had actual knowledge that Ameritech's use of Plaintiff's Marks was expressly prohibited.

*Id.* ¶ 42.

Although the words "contributory infringement" are not used and such a claim is not explicitly labeled, these allegations clearly signal a contributory-infringement claim and Defendants clearly argued substantial legal and factual grounds for dismissal of such a claim based on the well-established elements and definitions of such a claim. Rather than respond to their arguments, Angie's List filed a cursory and muddled "shrug of the shoulders" from which it

---

[6] 15 U.S.C. § 1114(2) applies to infringers or violators who are "engaged solely in the business of printing the mark or violating matter for others" and to publishers or distributors of paid advertisements in which infringing marks or violating matter is contained and, thus, applies to contributory infringements.

[7] Publication and distribution of a trademark for third parties with knowledge of its intended infringing use by those third parties describes a contributory-infringement claim.

11

is impossible to discern whether it even denies or concedes that it asserts such a claim, but in which it clearly contends that it need not respond to Defendant's arguments. This amounts to a non-response which subjects Defendants' motion to summary ruling. S.D. Ind. L. R. 7.1(b). It was here and now, on this motion, that Angie's List was required to demonstrate the legal and factual sufficiency of its claim and it failed to do so. Motion practice is not an exercise in trial and error or maybe–maybe not where a party can reserve arguments to present later if earlier ones fail. The Court is entitled to assume that, if Angie's List had viable arguments to support its claim, it would have presented them. The Court will not conduct Angie's List's research and build its analysis in order to find facts and law to support its own claims.

Defendants' arguments against a contributory-infringement claim are reasonable, sound, and well-supported with authority. Angie's List provided no arguments against the failure to allege direct infringement by the third-party advertisers, the impossibility of alleging third-party direct infringement because of the lack of consumer confusion as to source or origin, lack of standing, and failure to join necessary parties. The claim for contributory infringement is therefore dismissed for failure to state a claim, lack of standing, and failure to join necessary parties.

Angie's List having neither asserted nor supported any other legal bases for Count 1's Lanham Act trademark-infringement and false-designation claims, all federal claims in Count 1 (and, therefore, the Complaint generally) are dismissed. Defendants also moved to dismiss all supplemental state-law claims if the federal claims were dismissed. Angie's List responded only by mistakenly stating that Defendants did not argue for dismissal of the state-law Counts 3 and

4. (Response, p. 8). Therefore, the federal claims having been dismissed, the Court declines to exercise jurisdiction over the supplemental state claims and they are dismissed as well. Therefore, Plaintiff's First Amended Complaint (doc. 21) is DISMISSED.

Date:  06/11/2008

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Kevin M. Boyle
OVERHAUSER LAW OFFICE
kboyle@overhauser.com

Jason L. Fulk
HOOVER HULL LLP
jfulk@hooverhull.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Eric E. Lamb
OVERHAUSER LAW OFFICES, LLC
elamb@overhauser.com

Samuel Dickinson Littlepage
DICKINSON WRIGHT PLLC
slittlepage@dickinsonwright.com

Nicole M. Meyer
DICKINSON WRIGHT PLLC
nmeyer@dickinsonwright.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES
poverhauser@overhauser.com

Case 1:07-cv-01630-SEB-MJD   Document 49   Filed 06/11/08   Page 14 of 14 PageID #: 685