In the
UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF INDIANA,
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGIE'S LIST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CAUSE NO. 1:07-cv-1630-SEB-DML |
| AMERITECH PUBLISHING, INC., d/b/a | ) |
| AT&T Advertising & Publishing, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# E N T R Y

**Ameritech's Motion to Vacate Docket No. 126 (doc. 128),
Motion for Entry of Agreed Permanent Injunction (*re* Indiana Quality) (doc. 156), and
Motion for Entry of Agreed Permanent Injunction (*re* Shakelford) (doc. 164).**

Angie's List, Inc. has reached agreements with three of the service-provider defendants resolving all claims and defenses between them. The agreements provide for the issuance of permanent injunctions (*i.e.*, consent decrees). The Court has already issued one of the requested decrees — involving Mac's Septic Service, Inc. (doc. 126) — and motions for issuances of the other two are pending — involving Indiana Quality Windows, Doors & Siding, Inc. (doc. 156) and Shakelford Masonry, Inc. (doc. 164). Defendant Ameritech Publishing, Inc., who is not a party to any of the referenced consent decrees, has moved to vacate the Mac's Septic Service decree and objects to issuance of the Quality Windows and Shackelford Masonry decrees on identical grounds.

Each of the consent decrees is in the same form. They begin with the following

1

paragraph:

>       This cause comes before the Court by the agreement of the Plaintiff . . . and Defendant . . . who have agreed upon an Agreed Permanent Injunction, as indicated by the signatures of Angie's List and [Defendant] below.  Angie's List and [Defendant] stipulate, and the Court finds, as follows:

There follow various numbered stipulated facts and conclusions.  The decrees conclude with virtually identical injunctions and a statement that the Court shall retain exclusive jurisdiction over the case to enforce the terms of the decrees.

Ameritech does not object to the agreements *per se* but objects to the phrase "and the Court finds" in the opening paragraph of each and to the inclusion of several of the stipulated findings and conclusions.  It asks the Court to vacate the already-issued consent decree regarding Mac's Septic Service and to delete the objected-to phrase and paragraphs from the two proposed decrees.  Ameritech is concerned about any substantive, evidentiary, or other procedural effects of the Court "finding" the facts to which the signatory parties are stipulating but which are still in dispute between itself, the other defendants, and Angie's List.  Angie's List asserts that it does not intend to impose the stipulations on Ameritech and that the stipulations and findings would legally bind only the executing parties.  Angie's List further argues that the proposed findings are consistent with Fed. R. Civ. P. 52(a)(1)'s requirement that "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately" and that they are also required by Rule 65(d)(1)(A)'s provision that "[e]very order granting an injunction and every restraining order must . . . state the reasons why it issued . . . ."

Contrary to Angie's List's contentions, Rule 52(a)(1) does not require courts to make

findings of fact or conclusions of law when issuing consent decrees. Wright and Miller, *Federal Practice and Procedure, Civil 3rd* § 2574 at p. 269 (2008);[1] 9 James Wm. Moore, *Moore's Federal Practice, Third Edition*, § 52.11[2] (2010).[2]  Neither does Rule 65(d)(1)(A) require that the reasons a court must record for issuing an injunction include a finding of liability by any party; that the parties have consented to a decree is a sufficient reason. *Chathas v. Local 134 Internat'l Brotherhood of Electrical Workers*, 233 F.3d 508, 513 (7th Cir. 2000), *cert. denied*, 533 U.S. 949, 121 S.Ct. 2590, 150 L.Ed.2d 750, (2001).[3]

Because: (1) the stipulated facts and conclusions in the proposed decrees have not been determined at trial; (2) the stipulated facts and conclusions remain in dispute between Angie's List and the remaining defendants; (3) there is no requirement or need for the Court to transform the stipulations into findings and conclusions; and (4) Angie's List did not identify any prejudice

---

[1] "The one exception to this principle [requiring findings of facts and conclusions of law] is that the entry of a consent decree or judgment does not require findings under Rule 52(a). However, detailed findings are required when a consent decree is terminated by the court." (Footnote omitted.)

[2] "Dispensing with fact finding often occurs in cases where the judgment does not follow a trial upon the facts, but merely incorporates the terms of a consent decree. Findings are not required under these circumstances because there has been no trial on the merits, and the parties ordinarily cannot attack the decree on appeal." (Footnote omitted).

[3] "But it is not true that a permanent injunction is invalid unless it recites that the defendants violated the law. The obvious counterexample is a permanent injunction entered pursuant to a consent agreement in which the defendants deny liability. In such a case there is no adjudication of the merits, yet the injunction is valid. The plaintiffs in this case did not consent to the entry of the permanent injunction, because it was unaccompanied by a finding of liability. But that does not mean that the injunction was invalid, as would be obvious if the injunction had been entered after the defendants defaulted . . . . Although Rule 65(d) does require that the order granting the injunction 'set forth the reasons for its issuance,' they need not take the form of findings that the defendant violated the law. The reason for the injunction might simply be that the defendant had consented to its entry . . . ." (Citations omitted).

that it, or the other signatories, might suffer in the absence of the proposed findings and conclusions; the Court declines to expressly make the requested findings and conclusions. Ameritech's requested relief goes too far, however. The signatories may bind themselves to any stipulations of fact or legal conclusion that they choose to in resolving their disputes. The Court's refusal to enter explict findings extends only to those beyond the parties' own agreements. The only basis for the Court issuing the requested consent decrees is the parties' agreements thereto and the interests of justice and judicial efficiency.

Therefore, the Court will **GRANT IN PART AND DENY IN PART** Ameritech Publishing, Inc.'s motion to vacate **(doc. 128)** by deleting the phrase "and the Court finds" from the first paragraph in the Agreed Permanent Injunction of January 8, 2010, pertaining to Mac's Septic Service, Inc. (doc. 126). The Court will **GRANT IN PART AND DENY IN PART** Angie's List's motions to issue the Agreed Permanent Injunctions pertaining to Indiana Quality Windows, Doors, & Siding, Inc. **(doc. 156)** and Shackelford Masonry, Inc. **(doc. 164)** by approving and issuing the proposed decrees but without the phrase "and the Court finds" in the first paragraph of each decree.

**SO ORDERED**.

Date: 07/07/2010

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

4

Distribution:

P. Adam Davis
DAVIS & SARBINOFF LLP
adavis@d-slaw.com

Jason L. Fulk
HOOVER HULL LLP
jfulk@hooverhull.com

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Samuel Dickinson Littlepage
DICKINSON WRIGHT PLLC
slittlepage@dickinsonwright.com

Michael T. McNally
ICE MILLER LLP
mcnally@icemiller.com

Nicole M. Meyer
DICKINSON WRIGHT PLLC
nmeyer@dickinsonwright.com

John R. Price
JOHN R PRICE & ASSOCIATES
john@johnpricelaw.com

Eric Collins Redman
REDMAN LUDWIG PC
eredman@redmanludwig.com

Bradley M. Stohry
ICE MILLER LLP
stohry@icemiller.com

Michael A. Wukmer
ICE MILLER LLP
michael.wukmer@icemiller.com